NOT DESIGNATED FOR PUBLICATION

No. 129,957

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RICHARD STACY BRANCH JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Geary District Court; KEITH L. COLLETT, judge. Submitted without oral argument. Opinion filed July 2, 2026. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before SCHROEDER, P.J., GARDNER and CLINE, JJ.

CLINE, J.: Richard Stacy Branch Jr. challenges the reasonableness of the district court's decision to revoke his probation and impose a modified prison sentence. We granted Branch's unopposed motion for summary disposition under Kansas Supreme Court Rule 7.041A (2026 Kan. S. Ct. R. at 48). On review, we find the court did not abuse its discretion and therefore affirm.

*Branch received probation but struggled to comply.*

Branch pled no contest to possession of methamphetamine in exchange for the State's dismissal of a second charge (interference with a law enforcement officer) and agreement to recommend probation. Before sentencing, the district court ordered three

1

different bench warrants for Branch because he failed to appear in court. On March 2, 2023, the district court sentenced Branch to 30 months in prison, but it suspended this sentence and granted him 18 months' probation.

About two months later, the State moved to revoke Branch's probation because he failed to report for his probation intake appointment. His intensive supervision officer (ISO) left a card at Branch's residence with a new appointment date, but Branch missed that appointment as well and never called his ISO. The district court issued a bench warrant for Branch's arrest.

Branch was arrested in September 2024 on this warrant and released on bond. Another bench warrant was issued on November 19, 2024, after Branch failed to appear in court. Branch was arrested and again released on bond.

Branch's first revocation hearing was ultimately held on January 2, 2025. Branch admitted all the alleged probation violations. The district court imposed a three-day jail sanction and extended his probation for 18 months.

On April 30, 2025, the State once again moved to revoke Branch's probation. In the supporting affidavit, Branch's ISO claimed Branch failed to report on January 8, 24, and 31, 2025, and did not respond to the ISO's emails and voicemail. The ISO also alleged that Branch had not yet set up or begun his court-ordered drug treatment or made a payment towards his outstanding court costs. Yet another bench warrant was issued.

Branch was arrested on this warrant on September 18, 2025. His second revocation hearing was held on October 30, 2025. Branch again admitted to the alleged violations. But he asked the district court to reinstate his probation and sanction him with his time served in jail from his arrest until the hearing, claiming he failed to meet his probation conditions because he was caring for his sick father.

*Branch's probation was revoked and a modified prison sentence imposed.*

Ultimately, the district court revoked Branch's probation and ordered him to serve a modified prison sentence of 22 months. While the court expressed sympathy for Branch's situation, it found that it could not look past the fact that Branch had failed to report or comply with the terms of his probation in the nine months before his second revocation hearing. It explained:

> "You have been in this Court on this case since late 2021. It was filed in November of 2021. And I think the—and this case is replete, chock-full of bench warrants for your failure to appear. It's just been a constant, constant effort to get you to come to Court, and you blow us off. And for the last nine months, or from January of last year until September, you admirably looked after your father, but you were living here in town, and you could not place one phone call to your CSO. That—or to your ISO. That office, Mr. Branch, is at the corner of 8th and Washington. It's the busiest business intersection in town. You had to be driving down that street every few days.
>
> . . . .
>
> "The old line from a long-dead Judge, is that when somebody knocks on the jailhouse door long enough, eventually, you have to let them in. And that is what you have been doing. You've blown off your probation multiple times over the years, but this nine-month gap of not even placing a phone call to your local probation officer, I just can't look past. I am going to grant a *McGill* departure, and we'll cut that from 30 months to 22 months."

*Branch failed to show the district court abused its discretion.*

Once a probation violation has been established, a district court has discretion to revoke probation unless it is required by statute to impose an intermediate sanction. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). A district court abuses its discretion only if its action is (1) arbitrary, fanciful, or unreasonable, i.e., no reasonable person would take the view adopted by the district court; (2) based on an error of law; or (3) based on an error of fact. *State v. Bilbrey*, 317 Kan. 57, 63, 523 P.3d 1078 (2023). As the

party challenging the district court's decision, Branch has the burden of establishing an abuse of discretion. See *State v. Keys*, 315 Kan. 690, 708, 510 P.3d 706 (2022).

Branch admits the district court had the legal authority to revoke his probation. See K.S.A. 22-3716(c)(1)(C) (court may revoke probation if sanction has already been imposed for violation of probation). But he claims the decision was unreasonable because he was caring for his father, who was very ill with cancer and had suffered a stroke. Branch says he deserved another chance on probation because he had no new convictions and had prioritized taking care of his father, which "put him crosswise with his probation requirements."

We are empathetic to Branch's situation. But given his repeated failures to appear in court or comply with the terms of his probation over an extended period of time, we do not find the court's determination that he was not amenable to probation to be unreasonable. As the State noted at the last probation hearing, Branch could and should have communicated with his ISO and explained the situation. Instead, he did not appear or contact anyone for nine months. He also failed to appear in court several times, giving no indication he would take his obligations more seriously in the future. Under these circumstances, we do not find the court abused its discretion in revoking his probation and imposing a modified prison sentence.

Affirmed.

4